hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARVIN CORDOVA-LIMA, | ) |
| Petitioner, | ) |
| v. | ) Case No. 06-40084-JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Marvin Cordova-Lima's April 30, 2010 letter (Doc. 122), and his motion entitled, "Motion for order of bank records; pursuant to appeal 21 U.S.C. §2241" (Doc. 124). He asks the Court to "prepare the entire transcriptions for the above referenced case," and to "include all materials from the case file, and list all notes and counsel motions."[1] His second motion asks the Court to "order for a former account at Citizens National Bank," because it "is necessary in assistance, in pursuing of the enclosed title above."[2]

"Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."[3] This standard must be met, whether or not the transcripts already exist.[4] Because petitioner directly appealed his sentence, the transcripts have been prepared, yet he fails to explain why he has not

---

[1](Doc. 122.)

[2](Doc. 124.)

[3]*Sistrunk v. United States*, 922 F.2d 258, 259 (10th Cir. 1993).

[4]*Id.* at 260.

consulted his former counsel for a copy. Furthermore, petitioner fails to demonstrate how these materials relate to his claims or, more specifically, how they might be used to explain his procedural default for failing to raise his claims on direct appeal. "[N]aked allegations" of "ineffective assistance of counsel" or "insufficient evidence to support the verdict of guilty," are inadequate to support a request under § 753(f).[5] "A prisoner does not have a right to a free transcript simply to search for error in the record."[6]

Petitioner has failed to "make the particularized showing" of need required by § 753(f).[7] The Court has reviewed the record and finds petitioner has failed to support his conclusory claims with any substantive facts. His discovery motions do not even discuss his claims. Thus, his request for transcripts and bank records are denied without prejudice at this time.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's letter (Doc. 122) and "Motion for order of bank record; pursuant to appeal 21 U.S.C. §2241" (Doc. 124) are **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated: February 2, 2011

                                         S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         UNITED STATES DISTRICT JUDGE

---

[5] *United States v. McCollom*, 426 U.S. 317, 319–20, 327 (1976); *see also Sistrunk*, 992 F.2d at 259; *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

[6] *United States v. Adams*, Case No. 05-20084-KHV, 2007 WL 1302543, at *1 (D. Kan. May 3, 2007) (citing *Ruark*, 958 F.2d at 319).

[7] *See Sistrunk*, 992 F.2d at 260; *see also* Rule 6 of Rules Governing Section 2255 Proceedings (requiring the requesting party to "provide reasons for the request").