# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARVIN CORDOVA-LIMA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | Case No. 06-40084-JAR<br>10-4040-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Marvin Cordova-Lima's "Application for Relief Under Title 28 U.S.C. § 2241" filed January19, 2010 (Doc. 119), as amended on March 1, 2010 (Doc. 120). The Court construes it as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The government filed a response more than six months ago, and petitioner has not filed a reply. The matter is fully briefed, and the Court is ready to rule.

Petitioner has requested an evidentiary hearing. But, the Court is not required to conduct an evidentiary hearing in a § 2255 case, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] For the reasons stated below, the Court determines that the motion and files are conclusive in establishing that this petitioner is not entitled to relief on the grounds asserted in his motion. Thus, the Court denies his request for an evidentiary hearing.

**I.  Procedural Background**

---

[1] 28 U.S.C. § 2255(b).

At the conclusion of a two-day trial, the jury found petitioner guilty of: conspiracy to distribute or possess 50 grams or more of methamphetamine (Count 1); possession with intent to distribute more than 5 grams but less than 50 grams of methamphetamine (Count 2); possession with intent to distribute 50 grams or more of methamphetamine; and unlawful use of a communications facility (Count 4). The jury acquitted petitioner on Count 5, possession with intent to distribute marijuana.

Petitioner lodged three objections to the presentence investigation report. He objected to application of a two-point enhancement for obstruction of justice under U.S.S.G. § 3C1.1, arguing that he did not testify falsely at trial. He also objected to not receiving a two level decrease for acceptance of responsibility, and to not receiving a decrease under the safety valve exception in § 5C1.2 and 18 U.S.C. § 3553(f). This Court overruled and denied petitioner's three objections. The resulting sentencing guideline range was 151 to 188 months imprisonment on Counts 1-3, and 48 months on Count 4, with each count to be served concurrently. The Court granted a variance below the guideline range on the basis of factors under 18 U.S.C. § 3553(a)(1), and sentenced petitioner to 135 months of imprisonment on Counts 1–3, and 48 months of imprisonment on Count 4, with each count to be served concurrently.

The petitioner filed a direct appeal, asserting that this Court committed procedural error in applying the two-level enhancement for obstruction of justice. Petitioner did not challenge the sufficiency of the evidence in his direct appeal. The Tenth Circuit denied his appeal on December 9, 2008,[2] and issued its mandate on December 31, 2008. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

---

[2] *See Cordova-Lima*, 302 F. App'x 784.

On January 19, 2010, petitioner filed the instant motion, styled, "Application for Relief Under Title 28 U.S.C. § 2241," in Case No. 10-3014-RDR. United States District Judge Richard D. Rogers entered an order provisionally granting *in forma pauperis*, upon petitioner filing the appropriate form petition for relief under § 2241, while noting that if petitioner was challenging his conviction, the appropriate relief would be under § 2255. After petitioner filed the form § 2241 petition, Judge Rogers entered an order construing petitioner's filings as a motion under § 2255 and transferring it to the sentencing court.[3] The government filed a response on June 22, 2010; petitioner has not filed a reply.

## II.  Analysis

Petitioner's filings are correctly construed as a motion under § 2255, because he does not challenge the execution of the sentence, pursuant to § 2241; rather, he challenges the conviction and sentence.[4] The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."[5] In his form § 2241 petition, petitioner asserts that he has not sought relief under § 2255, because it is "untimely, Rule 60(B);" and further asserts that § 2255 is inadequate or ineffective relief because it is "narrow and is not vehicle to provide this relief." But petitioner is misdirected in both respects. First, his petition was filed with the limitations period for § 2255 motions. 28 U.S.C. § 2255(f) provides a one-year limitations period that begins to run on "the date on which the judgment of

---

[3]"A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

[4]*Bradshaw v. Story*, 86 F.3d 164, 166-67 (10th Cir. 1996)(a petition under § 2241 attacks the execution of a sentence; a § 2255 motion attacks the validity of a criminal judgment and sentence).

[5]*Caravalho*, 177 F.3d at 1178.

conviction becomes final."[6]  Under Tenth Circuit precedent, if petitioner does not petition the United States Supreme Court for a writ of certiorari after direct appeal, his judgment of conviction is considered final—for purposes of the limitations period in 28 U.S.C. § 2255(f)—when the time for seeking certiorari review has expired.[7]  In this case, the 90-day period in which to file a petition of certiorari expired March 9, 2009.[8]  Petitioner filed his § 2255 on January 19, 2010, within one year of the date on which his judgment of conviction became final.  Therefore, it is timely.

Moreover, because petitioner's claims attack his conviction and sentence, § 2255 is the vehicle for remedy, if any.  The form petition raises four grounds for relief: (1) the "[e]vidence did not support conviction or length of sentence"; (2) "[t]he government did not provide proper process or uphold constitutional laws during process"; (3) "[t]he government used witnesses who are not credible and did not provide accurate information"; and (4) "[l]aw enforcement broke laws and did not follow procedures therefore invalidating the total process by Constitution and statute."  Given the nature of these claims, the Court properly construes it as a motion under § 2255.[9]

The government asserts that petitioner's 2255 motion is procedurally barred.  Under the

---

[6] 28 U.S.C. § 2255(f)(1).

[7] *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir. 2000).

[8] *See* Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . .").

[9] *See Collins v. Ledezma*, 724 F. Supp. 2d 1173, 1176 (W.D. Okla. 2010) (stating that "[s]ection 2255 is generally the exclusive remedy available to a federal prisoner attacking the legality of his conviction and sentence," but noting exceptions); *United States v. Salazar*, Case No. 04-20013, 2009 WL 2448868, at *6 (D. Kan. Aug. 10, 2009) (noting that a petition under § 2241 attacks the execution of a sentence rather than its validity; § 2241 is "not an additional, alternative, or supplemental remedy to § 2255").

procedural bar defense, "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he [1] can show cause for his procedural default and actual prejudice resulting from the alleged errors, or [2] can show that a fundamental miscarriage of justice will occur if his claim is not addressed."[10] To show cause for his procedural default, petitioner must demonstrate he received constitutionally ineffective assistance of counsel.[11] To show a fundamental miscarriage of justice, petitioner must make a colorable claim of factual innocence.[12] "[I]f a defendant can adduce new evidence in post-conviction proceedings showing that constitutional error probably resulted in the conviction of one who was actually innocent, the court may reach the merits of otherwise defaulted claims."[13]

"[I]f the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown."[14] Petitioner had ample opportunity to reply to the government's assertion of the procedural bar defense, but has failed to reply. As the government notes, petitioner's four claims were not raised in his direct appeal. Petitioner has not identified any record evidence or new evidence that would raise a colorable claim of factual innocence, which is necessary to meet the "fundamental miscarriage of justice" exception.[15] Therefore, his claims only survive the

---

[10]*United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

[11]*United States v. Ailsworth*, 206 F. Supp. 2d 1148, 1150 (D. Kan. 2002).

[12]*Id.* at 1151; *United States v. Wiseman*, 297 F.3d 975, 989 (10th Cir. 2002).

[13]*United States v. Cervini*, 379 F.3d 987, 991–92 (10th Cir. 2004) (internal citations and quotation marks omitted).

[14]*Allen*, 16 F.3d at 378.

[15]*See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency").

5

procedural bar if he can show ineffective assistance of counsel. But petitioner has not even asserted ineffective assistance of counsel. Nor can his petition be liberally construed to meet the requisite two-prong test for a claim of ineffective assistance as set forth in *Strickland v. Washington*.[16] The petition does not assert, directly or even indirectly, that counsel acted below an objective standard of reasonableness in any respect, nor that counsel's deficient performance actually prejudiced petitioner's defense. Accordingly, this petition is procedurally barred and is dismissed.

### III. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[17] If the motion is denied on procedural grounds, petitioner's showing must be two-fold: he must make a substantial showing of the denial of a constitutional right and he must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[18] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal

---

[16]466 U.S. 668 (1984)(one must show that counsel's performance was deficient because it fell below an objective standard of reasonableness, and that counsel's deficient performance actually prejudiced the defense.)

[17]28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[18]*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *United States v. Robinson*, No. 10-6136, 2010 WL 4358801 (10th Cir. Nov. 4, 2010).

6

would be warranted."[19]

Petitioner has failed to even allege good cause for his failure to raise his present claims on direct appeal. No reasonable jurist could debate that the Court's procedural ruling should have been resolved differently. Thus, the Court denies a COA as to its ruling denying petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docs. 119 and 120) is **DENIED**;

**IT IS FURTHER ORDERED** that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 2, 2011

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[19] *Slack*, 529 U.S. at 484.