# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | |
| ) | Case No. 06-40084-JAR |
| MARVIN CORDOVA-LIMA, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| _____) | |

## ORDER

On December 12, 2007, a jury convicted Defendant Marvin Cordova-Lima of four counts related to possession and distribution of a controlled substance. The Court sentenced him to 135 months of imprisonment. In 2008, Defendant appealed his conviction, but the Tenth Circuit denied the appeal. He later filed a motion under 28 U.S.C. § 2255, but the Court denied the motion. This matter comes before the Court on Defendant's Motion for Leave to Motion for Transcripts(Doc. 129). The motion is not properly before the Court.

The exclusive provision governing requests by indigent prisoners for free transcripts is 28 U.S.C. § 753(f).[1] "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcripts in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."[2] In any other appeal, the defendant must show that the appeal presents a

---

[1] *See Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993).

[2] *Id.* at 259.

substantial question before a free transcript is available.[3]

Here, Defendant requests transcripts in contemplation of "a motion based on collateral consequences" but has not yet filed the motion. Defendant has not met the requirements of § 753(f) for free transcripts because he has not shown that his appeal presents a substantial question, nor has he shown that the transcripts are needed to decide an issue presented by a habeas motion. Thus, the Court denies his motion at this time.

If Defendant requests, however, he can obtain copies of the record and transcripts at his own expense. For example, the Clerk of the Court will make copies of specifically requested documents in exchange for a fee of 10 cents per page. The Court directs the Clerk of the Court to send the docket sheet along with this Order to Defendant. Defendant may request any unsealed document filed in this matter and is directed to send any such request, along with the requisite fee, to the Clerk of the Court.

Additionally, if Defendant files his motion based on collateral consequences and then files a motion to proceed in forma pauperis and specifically requests a free copy of documents and transcripts, indicating with particularity how each will aid him in furtherance of his motion, the Court would reconsider his request at that time.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Transcripts (Doc. 129) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: March 15, 2012

 S/ Julie A. Robinson
 JULIE A. ROBINSON

---

[3] 28 U.S.C. § 753(f).

UNITED STATES DISTRICT JUDGE